GERTRUDIS ORTIZ RIVERA, Plaintiff and Appellant, *v.* JOSÉ AGOSTINI ET AL., Defendants and Appellees.

No. R-64-180.      Decided March 26, 1965.

*José Aulet* for appellant. *Rivera Zayas, Rivera Cestero & Rúa* for Alma Realty Corporation.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

On June 18, 1962, Gertrudis Ortiz Rivera filed a complaint for damages in the San Juan Part of the Superior Court against José A. Agostini, José D. Reyna, and Alma Realty Corp. The three defendants were summoned on June 20. On August 9 codefendant Alma Realty Corp. answered on the merits denying the facts, and also served interrogatories on plaintiff. The latter answered the interrogatories on September 28, 1962. On December 28 the legal representative for Alma Realty withdrew from the case and Messrs. Rivera Cestero and Rúa assumed the representation.

On February 4, 1963, codefendant José D. Reyna answered the complaint denying all the facts. An amended

complaint was authorized and filed on February 12 joining, in addition to defendants, Max Cohen and Lincoln Realty Corp. The latter were summoned on February 14.[1] On March 5, 1963, Alma Realty Corp. answered the amended complaint on the merits denying all the facts. On March 18 Lincoln Realty Corp. answered on the merits denying the facts. Max Cohen appeared on March 21 and moved to quash his summons. There is no order in the record, but from the minutes of April 15, 1963, it appears that the motion to quash the summons was heard and granted. As of April 5, 1963, there are no further disclosures in the record until January 17, 1964, in which there is an order issued by the judge and notified on January 20 setting forth that, no action having been taken in the past six months, the parties were required to show cause why the case should not be dismissed.

Within the term granted to show cause, plaintiff appeared in her own right and alleged that her attorney, Valentín Esteves, had died; that the case had been delivered to her the previous day, January 29, and moved the court to grant her a term of 60 days to retain another lawyer to handle the matter. In that motion she made the following additional prayer: "It is further prayed that this Honorable Court set this case for hearing in the shortest time possible, since plaintiff agrees to take steps to retain another lawyer for the date which may be set." Notice of this motion was served on the parties. At the bottom thereof she wrote the following note: "Urgent. Please refer to the Honorable Administrative Judge." By order of February 4, 1964, the judge granted this motion.

---

[1] It was alleged that the five defendants, as engineer, contractor and owners, constructed a building, and that all of them jointly, or one of them responsible for the construction, without plaintiff being able to specify which one, dug a ditch in which she sustained damages.

On February 17 plaintiff appeared again by motion, in her own right, for the purpose of informing her address where notice could be sent of any determinations made in her case while she took steps to retain another lawyer. On May 28, 1964, Alma Realty Corp. moved for dismissal of the matter relying on the order of January 17, alleging that the 60 days requested by plaintiff to retain a lawyer had elapsed and that she had failed to prosecute the action. A few days later, on June 3, 1964, Mr. José Aulet appeared and informed the court that he had assumed plaintiff's legal representation. The hearing of Alma Realty's motion was held on June 19, subsequent to this appearance, and on June 24, 1964, the trial court entered the following:

### "JUDGMENT

"It appearing from the record that on January 17, 1964, plaintiff was required to state in writing, within the period of ten (10) days counted as of the date of service of such order, the reasons why this case should not be dismissed, and that on February 7, 1964, plaintiff requested from the court a term of sixty (60) days to retain another attorney to handle the case, alleging that her attorney had died, which the court granted on February 4, 1964, and that said term has over-expired without plaintiff having taken any action herein, the court, pursuant to Rule 39.2 of the present Rules of Civil Procedure, renders judgment dismissing the complaint, with costs on plaintiff and without attorney's fees."

On June 30 plaintiff moved for reconsideration of said judgment and insisted that she had moved for a hearing to be set, which reconsideration was denied by order of August 5, 1964. We issued a writ of review because, in our opinion, plaintiff in this case has been harshly treated insofar as the trial court's discretion may have been involved, and further, that the case had been erroneously decided as a question of law.

When the judicial reform was adopted in 1952, one of the basic changes in the functions of the Court of First Instance was the departure from the old system by virtue of which those cases in which the issue had already been joined and was ripe were not set on the merits until either party appeared at a hearing known as the reading of the calendar and requested that a hearing be set or that the case be docketed. If no setting was requested, there would be no further action. *Rule* 5 of the Rules for the Administration of the Court of First Instance, adopted by this Court and which were in force since February 1, 1953, provided that the Administrative Judge of each Part of the Superior Court shall prepare from time to time a calendar of all cases of a civil nature which were ready for trial, and the secretary should notify the parties thereof at least 15 days in advance of the date of the hearing. According to *Rule* 4, the Administrative Judge shall also prepare from time to time a pretrial conference calendar of civil cases and shall set the date and hour therefor. The secretary shall notify the parties thereof.

The amendment to *Rule* 5, effective January 1, 1961, is even more explicit in providing that each Part shall keep a permanent and continuous calendar in which the Administrative Judge shall set for hearing, *without the need of any petition therefor*, all adversary civil cases ready for trial, and that the Secretary shall notify the parties at least 15 days in advance of the date of the hearing.

■ According to the record, on April 5, 1963, all the defendants, with the exception of Cohen whose summons was quashed, had been summoned. The complaint had been answered on the merits by three of them and the issue was joined. In that case some defendants could be responsible and others could not. Since that date and during the alleged period of inaction until January 17, 1964, it was the trial court's duty under *Rules* 4 and 5 of the Rules of Adminis-

tration to set this case first for pretrial conference and afterwards for hearing on the merits. For that reason, the order of January 17, 1964, was improper at law, and likewise the judgment of dismissal rendered in consequence thereof.

■ In the sphere of sound discretion, the record shows that the case was speedily and diligently litigated by plaintiff while her attorney was living. Afterwards, without assistance of counsel, she can not be expected to be more diligent in showing her interest in maintaining the action. Even though she was not bound to do so, she also moved the court to set her case in the shortest time possible. When the hearing of the motion to dismiss was held, it was two weeks that an attorney of record had already appeared on her behalf. Apparently all these facts were ignored by codefendant Alma Realty Corp. in insisting on dismissal for want of prosecution, and the trial court overlooked them in dismissing the case. The court was even harsher in denying the motion for reconsideration after its attention was invited to the steps taken.

In incidents on dismissal of litigations for want of prosecution, the traditional attitude of the Court of First Instance has been one of liberality in order that the case may continue. In sound administration of justice that tradition is good, considering the social values which may be affected. To deviate drastically from the prevailing norm in the case of a particular litigant, without there existing fully justified reasons to do so, as in this case in which there are none, may be the negation of equal treatment and, consequently, of fair treatment.

It is desirable that judges of first instance should conserve greater freedom and discretion in confronting the problems before them for the effective functioning of the court and the speediest disposition of adversary matters com-

patible with law and the rights of the citizen. For that reason this Court ordinarily observes a self-limitative norm of its power to interfere in this sphere of the judges' function. As recently as in *Ramírez de Arellano* v. *Secretary of the Treasury*, 85 P.R.R. 793 (1962), in a situation which bears some resemblance to the present, we said at p. 799: "We do not even intimate that the trial court could not have applied some sanction in the situation in this case. We will not interfere, nor would it be advisable to do so, with its power to impose appropriate correctives and to prosecute the actions in such manner as in its best discernment is more effective." And further on: "Although this is a function of the trial court in which we will interfere as little as possible, under the present circumstances we are bound to set aside the judgment appealed from."

■ Once more we repeat that that is our norm and that the sound discernment, good sense, and sound discretion of the trial judges in the handling and prosecution of judicial matters will not be impaired in our forum. Once in a while, however, we entertain cases in which the sound discretion and justice seem to point toward a direction other than that in which they were exercised and applied, and in that case, and notwithstanding our norm not to interfere, it is our unwavering duty to correct whatever may be in excess or unjust in the exercise of such discretion in order that the rights which we are called upon to safeguard may not be impaired.

In view of the foregoing reasons, the judgment ordering dismissal for lack of prosecution of this litigation will be reversed and the case remanded to the trial court for continuation of the proceedings in a manner consistent herewith.